Judge: Christopher M. Alston
Chapter: 13
Hearing Date: November 30, 2017
Hearing Time: 9:30 am
Hearing Location: Judge Alston's Courtroom
700 Stewart St #7206
Seattle,WA 98101-8101
Response Date: November 23, 2017

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In Re:

JOSE ORTIZ,

Debtor.

IN CHAPTER 13 PROCEEDING
NO. 17-13890

NOTICE OF TRUSTEE'S MOTION TO DISMISS
CASE AND HEARING

PLEASE TAKE NOTICE that the Chapter 13 Trustee's Motion to Dismiss Case IS SET FOR HEARING as follows:

Judge: Christopher M. Alston

Place: Judge Alston's Courtroom
700 Stewart St #7206
Seattle,WA 98101-8101

Date: November 30, 2017

Time: 9:30 am

IF YOU OPPOSE the motion, you must file your written response with the Court Clerk NOT LATER THAN THE RESPONSE DATE, which is November 23, 2017.

IF NO RESPONSE IS TIMELY FILED, the Court may, in its discretion, GRANT THE MOTION PRIOR TO THE HEARING WITHOUT FURTHER NOTICE, and strike the hearing.

Date: October 26, 2017

/s/K. Michael Fitzgerald
K. Michael Fitzgerald, WSBA# 8115
Chapter 13 Trustee

NOTICE OF TRUSTEE'S MOTION TO DISMISS CASE
AND HEARING

Chapter 13 Bankruptcy Trustee
600 University St. #2200
Seattle,WA 98101
(206) 624-5124

CM160
jwa

Judge: Christopher M. Alston
Chapter: 13
Hearing Date: November 30, 2017
Hearing Time: 9:30 am
Hearing Location: Judge Alston's Courtroom
700 Stewart St #7206
Seattle, WA 98101-8101
Response Date: November 23, 2017

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In Re:<br><br>JOSE ORTIZ,<br><br>Debtor. | IN CHAPTER 13 PROCEEDING<br>NO. 17-13890<br><br>TRUSTEE'S MOTION TO DISMISS CASE |

The Trustee moves to dismiss this case pursuant to 11 U.S.C. § 1307(c):

The debtor filed a plan on September 18, 2017 (ECF No. 12).

(1)  The debtor needs to appear at his continued meeting of creditors on October 30, 2017 at 8:30 am to present proof of his social security number.                    (2) The debtor's plan fails to provide for payment of the Internal Revenue Service's $120,021.11 secured claim along with four percent interest (ECF Claim No. 2).  While Section XII.2. and Section XII.3. provide that the debtor will file an adversary proceeding(s) to address the Service's liens, the debtor has not filed the adversary proceeding.                    (3) Section XII.2. of the plan specifically provides that "[t]he Debtor intends to file an adversary proceeding to value his home under 11 USC 506 because the IRS liens are wholly unsecured."  That provision includes a factual finding not appropriate for a plan. The Court will need to resolve the ultimate issue of whether the Service's lien is wholly unsecured after the debtor files the adversary proceeding.                    (4) Section XII.3. of the plan specifically provides that "[t]he Debtor intends to file an adversary proceeding to value his business property under 11 USC 506 because to cram down to the value for the IRS UCC lien is applicable[.]"  That provision is not entirely clear and the grammatical construction is somewhat confusing.                    (5) Section XII.4. of the plan provides that "[t]he Debtor intends to file motions to avoid lien under 11 USC 522(f) because Midland Funding's judgment lien is impairing his

CM160
jwa

TRUSTEE'S MOTION TO DISMISS CASE - 1

Chapter 13 Bankruptcy Trustee
600 University St. #2200
Seattle, WA 98101
(206) 624-5124

Case 17-13890-CMA    Doc 17    Filed 10/26/17    Ent. 10/26/17 15:53:59    Pg. 2 of 4

homestead." That provision includes a factual finding not appropriate for a plan. The Court will need to resolve the ultimate issue of whether Midland Funding's judgment lien impairs the debtor's homestead exemption after the debtor files the appropriate motion. (6) Feasibility of the debtor's plan remains to be determined, particularly as the debtor's plan fails to provide for the Internal Revenue Service's secured claim (see Paragraph 2 above). (7) While the Trustee received the debtor's first $3,469.89 plan payment, the debtor needs to begin his $7,268.22 monthly plan payment beginning with the plan payment due November 1, 2017. (8) The Trustee reserves the right to assert additional bases for this pleading.

THE TRUSTEE REQUESTS that the Court dismiss this case.

Dated: October 26, 2017

/s/ K. Michael Fitzgerald
K. Michael Fitzgerald, WSBA #8115
Chapter 13 Trustee

CM160
jwa

TRUSTEE'S MOTION TO DISMISS CASE - 2

Chapter 13 Bankruptcy Trustee
600 University St. #2200
Seattle, WA 98101
(206) 624-5124

Case 17-13890-CMA    Doc 17    Filed 10/26/17    Ent. 10/26/17 15:53:59    Pg. 3 of 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In Re:

JOSE ORTIZ,

                    Debtor.

IN CHAPTER 13 PROCEEDING
NO. 17-13890

*Proposed*
ORDER DISMISSING CASE

THIS MATTER having come before the Court on the Chapter 13 Trustee's Motion to Dismiss Case, and the

Court having reviewed and considered the motion, records and files in this case, it is

ORDERED that this case is dismissed.

/ / /End of Order/ / /

Presented by:

*/s/K. Michael Fitzgerald*
K. Michael Fitzgerald, WSBA# 8115
Chapter 13 Bankruptcy Trustee
600 University St. #2200
Seattle, WA 98101
(206) 624-5124

ORDER DISMISSING CASE

Chapter 13 Bankruptcy Trustee
600 University St. #2200
Seattle, WA 98101
(206) 624-5124

CM160
jwa